UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW AARON SIMPSON II,

    Plaintiff,

v.

TRANSUNION LLC,

    Defendant.
_____/

Case No. 4:23-cv-11324
District Judge F. Kay Behm
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION
TO GRANT DEFENDANT'S REQUEST TO DISMISS
PLAINTIFF'S COMPLAINT FOR LACK OF PROSECUTION
AND
TO DENY AS MOOT DEFENDANT'S
REQUEST TO EXTEND DISCOVERY (ECF No. 18)
AND
TO DISMISS THE CASE WITHOUT PREJUDICE**

I.    Introduction

This is a consumer rights case. Plaintiff Matthew Aaron Simpson II (Simpson) is suing defendant Transunion LLC (Trans Union) alleging that it unlawfully deleted fifteen accounts on his credit report in violation of the Fair Credit Reporting Act. *See* ECF No. 1. All pretrial matters have been referred to the undersigned. (ECF No. 7).

Before the Court is Trans Union's motion to extend discovery or

1

alternatively dismiss the complaint for lack of prosecution. (ECF No. 18). Simpson was directed to file a response to the motion by March 13, 2024, (ECF No. 19), but he did not do so.

For the reasons that follow, the undersigned RECOMMENDS that the motion to dismiss be GRANTED based on Simpson's failure to prosecute this case and that Trans Union's request for a discovery extension be DENIED AS MOOT. If this recommendations are adopted, it is further RECOMMENDED that Simpson's case be DISMISSED WITHOUT PREJUDICE.

## II. Discussion

### A. Background

Since filing his complaint, (ECF No. 1), and application to proceed without prepaying costs and fees, (ECF No. 2), on June 2, 2023, Simpson has filed nothing on the docket. In the instant motion, Trans Union says that it has not heard from Simpson since before filing its answer on October 2, 2023, and that Simpson never served Trans Union with any discovery requests. (ECF No. 18, PageID.63-64). As noted above, Simpson did not file a response to the instant motion as directed, despite the undersigned cautioning him "**that a failure to file a timely response may result in a recommendation that Trans Union's request for dismissal for lack of prosecution be granted.**" (ECF No. 19, PageID.69 (emphasis in original)).

B.   Legal Standard

Under Federal Rule of Civil Procedure 41(b), a federal court may dismiss a claim for failure to prosecute or comply with an order on a motion by the defendant. Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.* at 629-30. "[D]istrict courts possess broad discretion to sanction parties for failure to comply with procedural requirements." *Tetro v. Elliot Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991)).

Further, "a district court can dismiss an action for noncompliance with a local rule . . . if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Id.* at 992. Eastern District of Michigan Local Rule 41.2 provides that "when it appears that . . . the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown."

3

C.   Application

When considering whether to dismiss a case for failure to prosecute, the district courts in this circuit must consider the following four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  Here, on balance, these factors weigh in favor of dismissal.

As for the first factor, "it is not clear whether [Simpson's] failure to prosecute is due to willfulness, bad faith or fault."  *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008).  In any event, Trans Union "cannot be expected to defend an action" that Simpson has "apparently abandoned, not to mention the investment of time and resources expended to defend this case."  *Id.*  For these reasons, the first and second factors weigh in favor of dismissal.

Moreover, based on the warning given to Simpson, the third factor also clearly weighs in favor of dismissal.  This Court has regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal, failed to comply with court orders without explanation, and where defendants expended resources

4

on an abandoned action and lesser sanctions would prove useless. *See e.g., Croton v. Recker*, No. 11–15433, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012). Given Simpson's failure to respond to the instant motion, the undersigned sees no utility in recommending lesser sanctions. Thus, taken together, these factors support dismissal for failure to prosecute particularly given Simpson's "apparent abandonment of this case." *White*, 2008 WL 2216281, at *5. Finally, given Simpson's *pro se* status, the undersigned recommends dismissal without rather than with prejudice. *See Bumpus v. Porter*, No. 3:21-CV-00531, 2021 WL 5178837, at *1 (M.D. Tenn. Nov. 8, 2021) (explaining that a "[p]laintiff's pro se status, combined with the preference for disposing of cases on their merits, would ordinarily dispose the [c]ourt toward dismissal without prejudice," but ultimately dismissing with prejudice under the facts of that case).

If this recommendation is adopted, Trans Union's alternative request to extend discovery would be moot.

### III. Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Trans Union's unopposed motion be GRANTED as to the request to dismiss for lack of prosecution and DENIED AS MOOT as to the request to extend discovery. (ECF No. 18). If this recommendation is adopted, it is further RECOMMENDED that Simpson's case be DISMISSED WITHOUT PREJUDICE.

| | |
|---|---|
| Dated: March 22, 2024 | s/Kimberly G. Altman |
| Detroit, Michigan | KIMBERLY G. ALTMAN |
| | United States Magistrate Judge |

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections,

6

in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 22, 2024.

s/Carolyn Ciesla<br>
CAROLYN CIESLA<br>
Case Manager